995 F.2d 305
 301 U.S.App.D.C. 405
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Lenny EPPS, Appellant,
v.
DEPARTMENT OF JUSTICE; Janet Reno; U.S. Attorney's Office;
Federal Bureau of Investigation; and Drug
Enforcement Administration.
 No. 92-5360.
 United States Court of Appeals, District of Columbia Circuit.
 April 29, 1993.
 
 Before: WALD, RUTH B. GINSBURG and SILBERMAN, Circuit Judges.
 ORDER
 PER CURIAM.
 
 
 1
 Upon consideration of the motion for summary affirmance and the opposition thereto, it is
 
 
 2
 ORDERED that the motion for summary affirmance be granted as to that portion of the September 15, 1992 order (the "September 15 order") which grants summary judgment as to the materials withheld by the Drug Enforcement Agency. The record supports the finding that the information withheld by this agency falls within the applicable exemptions to the Freedom of Information Act, 5 U.S.C. § 552, et seq. It is
 
 
 3
 FURTHER ORDERED that the motion for summary affirmance be denied as to that portion of the September 15 order which grants summary judgment as to the materials withheld by the Federal Bureau of Investigation ("FBI"). It is
 
 
 4
 FURTHER ORDERED, on the court's own motion, that the portion of the September 15 order which grants summary judgment as to the information withheld by the FBI be vacated. The Vaughn index ( Vaughn v. Rosen, 484 F.2d 820 (D.C.Cir.1973), cert. denied, 415 U.S. 977 (1974)) submitted by the FBI is conclusory, and, particularly with respect to those documents withheld in their entirety, does not contain sufficient detail to render the district court's decision capable of meaningful review on appeal. See King v. U.S. Dept. of Justice, 830 F.2d 210, 218 (D.C.Cir.1987). It is
 
 
 5
 FURTHER ORDERED that the portion of the case pertaining to the information withheld by the FBI be remanded for further proceedings in accordance with this court's direction in Proctor v. United States Department of Justice, et al., Nos. 91-5305, et al. (D.C.Cir. Dec. 9, 1992) (case remanded based on FBI's representation that it intended to file a revised Vaughn index).
 
 
 6
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15.